Filed 7/22/22  P. v. Zhuk CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093995 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F02479) |
| v. | |
| DANIIL V. ZHUK, | |
| Defendant and Appellant. | |

While defendant Daniil V. Zhuk was serving a sentence of 25 years to life in prison for first degree murder with true special circumstances findings, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437).  (Stats. 2018, ch. 1015, §§ 1-4.).  This bill amended the law governing murder liability under the felony murder and natural and probable consequences theories and provided a new

1

procedure under Penal Code section 1170.95[1] for eligible defendants to petition for recall and resentencing.[2]

Defendant appeals from the trial court's order denying his petition for resentencing under section 1170.95. He argues the court erred in concluding that he must seek habeas corpus relief to challenge the special circumstances findings before seeking relief pursuant to section 1170.95 and applied the incorrect standard to determine whether he had established a prima facie showing. We disagree and affirm.

## FACTS AND PROCEEDINGS

*Factual and Procedural Background*

The facts underlying defendant's crimes as relevant here, set forth in our unpublished opinion *People v. Zhuk* (July 18, 2008, No. C047365) (nonpub. opn.), as modified on denial of rehearing (Aug. 15, 2008) (*Zhuk I*) affirming defendant's convictions, were as follows:

In 2000, Cindy Chung drove her BMW to an autobody shop owned by her father. Defendant, then 17 years old, codefendant Mikhael Vlasov, and 14-year-old Peter P. began following Chung; defendant carried a loaded handgun and said he knew people who would pay money for a BMW or Mercedes. Defendant discussed ordering drivers out of the desired cars at gunpoint. Defendant followed Chung to the autobody shop, parked nearby, and gave the gun to Vlasov. He instructed Vlasov to run up to the driver of the car, stick the gun in her face, and take away the car. Peter P. heard Vlasov check the gun's magazine and watched him leave the car. (*Zhuk I*, *supra*, C047365.)

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant filed the petition in 2020. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion.

Chung went into the shop's office and returned about 10 minutes later. Vlasov returned to defendant's car and told defendant he could not find the BMW. Defendant told Vlasov to go check again, and Vlasov walked away toward the shop. Vlasov walked to where Chung had parked. Vlasov fired two shots, and Chung's father saw her car crash into a fence. Vlasov ran to defendant's car, got in, and said he had shot out the front windshield of the BMW. After the incident, defendant drove around surface streets. He said he would dispose of his car by getting into an accident; he rear-ended a car, and Peter P. and Vlasov went to the hospital. Chung died at the scene of the shooting. (*Zhuk I*, *supra*, C047365.)

As to the charges regarding Chung, the jury found defendant guilty of murder, attempted carjacking, and attempted robbery. (§§ 187, subd. (a), 211, 215, 664, subd. (a).) As to the murder count, the jury found true the allegation that a principal in the commission of the offense was armed with a firearm (§ 12022, subd. (a)(1)), and the special circumstances allegations that defendant was engaged in the commission of an attempted robbery and an attempted carjacking when the murder occurred (§ 190.2, subd. (a)(17)). The trial court sentenced defendant to life without the possibility of parole (LWOP) on the murder count, plus one year for the firearm enhancement. (*Zhuk I*, *supra*, C047365.)

Defendant appealed his conviction on several grounds, including on the basis that insufficient evidence supported the jury's finding that he was a major participant as required to sustain the special circumstance finding, and this court affirmed the judgment in July 2008. (*Zhuk I*, *supra*, C047365.) In October 2017, pursuant to *Miller v. Alabama* (2015) 567 U.S. 460 (*Miller*) and its progeny, defendant's LWOP sentence was reduced to 25 years to life, plus one year for the firearm enhancement, plus three years four months for remaining counts.

*Defendant's Petition*

In May 2020, defendant filed a petition for resentencing pursuant to section 1170.95. Defendant asserted that: (1) the information filed against him allowed the prosecutor to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first degree murder pursuant to the felony murder rule; and (3) he could not now be convicted of murder because of changes made to sections 188 and 189, effective January 1, 2019. He further argued that, although the jury had found true two special circumstances allegations, he was not precluded from relief because the true findings were made prior to the decisions in *Banks* and *Clark*, which clarified the meaning of the special circumstances statute. Defendant added the information filed in this case as an exhibit.

The prosecution filed a motion to dismiss the petition. It argued defendant murdered with malice aforethought, rendering him ineligible for relief, and his petition failed to meet the statutory burden to make a prima facie showing of eligibility. The People conceded that defendant was entitled to a "*Banks/Clark* hearing" but maintained the evidence would nonetheless show he was a major participant acting with reckless indifference to human life at the time of the murder.

In reply to the People's motion to dismiss his petition, defendant asked the trial court to issue an order to show cause and set a hearing to determine whether his conduct involved reckless indifference to human life under *Banks/Clark* per the People's concession that a hearing on that issue was warranted, contended the jury had never made a finding of malice, and asserted he had in fact set forth a prima facie case.

On September 2, 2020, the trial court denied the petition without a hearing and without prejudice should defendant obtain postconviction relief in a habeas corpus proceeding from the special circumstance findings. The court concluded that defendant first needed to seek collateral relief in a habeas proceeding to challenge the special circumstance finding under *Banks* and *Clark* because section 1170.95 was not "the proper

4

forum" for such a determination, and thus the trial court did not have jurisdiction to allow for a challenge to the validity of the special circumstance findings. In the alternative, the court concluded that defendant had failed to set forth a prima facie case for relief based on the evidence summarized by this court in defendant's direct appeal.

On September 15, 2020, defendant filed a motion for reconsideration, which the prosecution opposed. Defendant alleged, *inter alia*, that the trial court had decided his petition on grounds not raised by either party, namely on the basis that he had not obtained habeas relief as a prerequisite for resentencing under section 1170.95, and he argued he was no longer in custody pursuant to the special circumstance findings and thus he could not obtain habeas corpus relief as the trial court suggested.

The trial court denied defendant's motion for reconsideration. The court rejected defendant's argument that he was no longer in custody pursuant to the felony-murder special circumstances pursuant to his sentence reduction under *Miller*, *supra*, 567 U.S. 460. The court followed *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted November 18, 2020, S264978, which held that the proper venue for challenging a felony-murder special circumstance finding under *Banks* and *Clark* is by a petition for a writ of habeas corpus, not a section 1170.95 petition, and also that a court may deny a section 1170.95 petition if it determines that the record of conviction shows as a matter of law that the special circumstance finding is valid even under *Banks* and *Clark*. The court stated it did not have jurisdiction to entertain a postjudgment challenge to the validity of the special circumstances via a section 1170.95 petition, and that, regardless, as "an alternate ground" for denying the petition, it had analyzed defendant's special circumstance findings under *Banks* and *Clark* and had found the findings were still sufficiently supported by the evidence.

Defendant timely filed a notice of appeal. The case was fully briefed in May 2022 and assigned to this panel on May 31, 2022. The parties waived argument on July 5, 2022, and the case was deemed submitted on July 8, 2022.

5

## DISCUSSION

### I

### *Legal Background*

Senate Bill No. 1437 amended the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95.

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed

against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As relevant here, once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served . . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

II

*Prima Facie Showing*

Defendant contests the trial court's conclusion that the appropriate avenue to challenge the jury's special circumstances findings is through a petition for habeas corpus, rather than a section 1170.95 petition. First, he contends that because his LWOP sentence was reduced to 25 years to life pursuant to *Miller*, *supra*, 567 U.S. 460, he is no longer in custody pursuant to the jury's special circumstances findings, and therefore such a habeas petition would be denied as moot. He notes that "*the superior court has already nullified the custodial effect of the jury's special circumstance findings.*" Defendant is incorrect.

At the time of defendant's sentencing, section 190.5, subdivision (b) provided that "the penalty for a defendant found guilty of murder in the first degree, in any case in which one or more special circumstances enumerated in section 190.2 or 190.25 has been found true under Section 190.4, who was 16 years of age or older and under the age of 18

7

at the time of the commission of the crime, shall be confinement in the state prison for life without the possibility of parole or, at the discretion of the court, 25 years to life." Before sentencing, defendant requested that the trial court exercise its discretion under section 190.5, subdivision (b) to sentence him to 25 years to life, rather than LWOP; the court denied that motion and sentenced him in part to LWOP on the murder count. (*Zhuk I*, *supra*, C047365.)

Subsequently, to comply with *Miller*, *supra*, 567 U.S. 460 and its progeny, the trial court vacated defendant's sentence, and in a subsequent hearing, concluded defendant was not one of the rare juvenile offender whose crime reflected irreparable corruption. Thus, the court imposed a sentence of 25 years to life, plus one year for the firearm enhancement, on the murder count. But the trial court did not vacate the jury's special circumstances findings; it merely chose to impose a sentence of 25 years to life for the first degree murder with special circumstances, as provided in section 190.5, subdivision (b). Accordingly, defendant is currently serving the sentence imposed due to the jury's special circumstances findings, and therefore we reject defendant's contention that his hypothetical petition for writ of habeas corpus would be denied as moot on the basis that he is no longer in custody pursuant to the special circumstances findings.

Defendant next contends that the trial court erred in summarily denying his petition based on the jury's true finding on the felony murder special circumstance because the finding was made before the Supreme Court clarified the definitions of "major participant" and "reckless indifference to human life" in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522; he contends no jury has ever determined whether the special circumstance findings are valid under current law. In support, he relies on *People v. York* (2020) 54 Cal.App.5th 250, at page 260, review granted November 18, 2020, S264954, which concluded that section 1170.95 does not require a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before they may successfully challenge the underlying murder

conviction in a section 1170.95 proceeding. Other cases are in accord. (See, e.g., *People v. Secrease* (2021) 63 Cal.App.5th 231, 254-256 [§ 1170.95 does not require a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a § 1170.95 proceeding], review granted Jun. 30, 2021, S268862; *People v. Harris* (2021) 60 Cal.App.5th 939, 956-958 [same], review granted Apr. 28, 2021, S267802; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1180 [same], review granted June 24, 2020, S262011, overruled on other grounds in *People v. Lewis* (2021) 11 Cal.5th 952, 963; *People v. Smith* (2020) 49 Cal.App.5th 85 [same], review granted July 22, 2020, S262835.)

As defendant concedes, however, many cases have come to the opposite conclusion. Numerous courts have found that a jury's true finding on a felony murder special circumstance, even if it predates *Banks* and *Clark* (as does defendant's robbery and carjacking-murder special circumstances here) precludes relief as a matter of law. (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, 17, review granted Oct. 14, 2020, S264033 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus]; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 (*Galvan*); *People v. Murillo* (2020) 54 Cal.App.5th 160, 167-169 [same], review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449, 457-459 [same], review denied Dec. 23, 2020; *People v. Jones* (2020) 56 Cal.App.5th 474, 482-485 [same], review granted Jan. 27, 2021; *People v. Nunez* (2020) 57 Cal.App.5th 78, 90-93 [same], review granted Jan. 13, 2021, S265918.)

In *Galvan*, for example, the court considered the import of section 1170.95, subdivision (a)(3)'s language that states: "In order to be eligible for resentencing, a defendant must show that he or she 'could not be convicted of first or second degree murder *because of changes to Section[s] 188 or 189 made effective*' as part of Senate Bill No. 1437." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142, italics added; § 1170.95, subd.

9

(a)(3).) The court concluded that as to Galvan, who, like defendant, was convicted of first degree murder with a special circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* were decided (*Galvan*, at pp. 1138-1139), subdivision (a)(3)'s requirement was not met because "[a]lthough [the defendant] is asserting that he could not now be convicted of murder, the alleged inability to obtain such a conviction is not 'because of changes' made by Senate Bill No. 1437, but because of the clarification of the requirements for the special circumstance finding in *Banks* and *Clark*. Nothing about those requirements changed as a result of Senate Bill No. 1437. Just as was the case before that law went into effect, the special circumstance applies to defendants who were major participants in an underlying felony and acted with reckless indifference to human life. If [the defendant] is entitled to relief based on *Banks* and *Clark*, the avenue for such relief is not section 1170.95, but a petition for writ of habeas corpus." (*Galvan*, at p. 1142.)

The *Galvan* court also observed that permitting defendants to relitigate a special circumstance finding by way of a section 1170.95 petition would "give [them] an enormous advantage over other similarly situated defendants based solely on the date of [their] conviction." (*Galvan*, *supra*, 52 Cal.App.5th at p. 1142.) "Defendants convicted after the Supreme Court issued its decisions in *Banks* and *Clark* would be required to challenge the sufficiency of the evidence of the special circumstance finding on direct appeal, where the People would need only to show that substantial evidence supported that finding." (*Id.* at pp. 1142-1143.) Defendants convicted before *Banks* and *Clark*, on the other hand, could challenge the special circumstance findings under section 1170.95, which would require the prosecution "to prove the special circumstance beyond a reasonable doubt." (*Galvan*, at p. 1143.) "[N]othing in the language of Senate Bill No. 1437 suggests that the Legislature intended unequal treatment of such similarly situated defendants." (*Ibid.*)

10

*Allison* similarly emphasized that *Banks* and *Clark* did not change the law, but merely clarified the same principles that existed earlier. (*People v. Allison*, *supra*, 55 Cal.App.5th at p. 457; see also *In re Miller* (2017) 14 Cal.App.5th 960, 978.) Indeed, the pattern jury instructions remained the same after *Banks* and *Clark*, and merely resulted in the addition of *optional* language thereto. (*Allison*, at p. 457.) The requirements for a finding of felony murder under the newly amended version of section 189 were identical to the requirements of the felony murder special circumstance that had been in effect at the time of the challenged murder conviction (for the defendant in *Allison* in 1997, and for defendant here in 2004). (*Allison*, at p. 456.) Thus, the special circumstance finding showed "as a matter of law that Allison *could* still be convicted of felony murder even under the newly amended version of section 189" and precluded a prima facie showing of eligibility. (*Id.* at p. 457.)

The Supreme Court is poised to resolve this split, having granted review in *People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted March 10, 2021, S266606, on the issue of whether a felony murder special circumstance finding under section 190.2, subdivision (a)(17) made before *Banks* and *Clark* precludes a defendant from making a prima facie showing of eligibility for relief under section 1170.95. In the meantime, we find the authorities such as *Galvan* and *Allison* more persuasive on this issue than the cases to the contrary.

As further support for our conclusion, we note section 1170.95, subdivision (d)(2) anticipates, rather than precludes the possibility of habeas relief before a section 1170.95 petition because one way to obtain a "prior finding" that meets the subdivision's requirements is via habeas. (*In re Ramirez* (2019) 32 Cal.App.5th 384, 406.) If a defendant has successfully obtained such relief, the trial court must provide the petitioner access to section 1170.95 relief. Nothing precludes relief under section 1170.95; the language simply presumes a petitioner will pursue alternative relief first.

We are convinced that the appropriate avenue for defendant's challenge to the special circumstance allegations is through a petition of habeas corpus, rather than the section 1170.95 petition filed in this case. (See *In re Miller*, *supra*, 14 Cal.App.5th at p. 979 [permitting habeas challenge to special circumstance conviction].) The trial court did not err when it denied defendant's petition.[3]

## DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, Acting P. J.

We concur:


/s/
_____
Hoch, J.


/s/
_____
Earl, J.


_____

[3] We note that defendant also challenged the trial court's alternate reasoning that the evidence was sufficiently substantial to support a jury finding that defendant acted with reckless indifference. We need not reach the merits of this issue because we conclude the trial court properly found defendant ineligible for relief as a matter of law. The merits are properly presented as a habeas challenge, as we have explained.